# IN THE UNITED STATES DISTRICT COURT

## OF THE STATE OF GEORGIA

**RICKY LAMAR HOGAN,**

Personally, individually and at ("all")
times on behalf of himself, Plaintiff

V.

**THE STATE OF GEORGIA, A**
governmental municipality corporation
continuous criminal enterprise through
patterns of Racketeering activities, ("is")
being sued individually and within its
official capacity as a state of Georgia,
Government Municipality Corporation
and as an active ("continuous") criminal
enterprise by and specifically through it's
Actors, Agents, and organized criminal
elements, "Et. Al."

Civil Action Docket#

_____

**COMPLAINT**

Plaintiff's consolidated memorandum of law seeking immediate issuance of an

order of and by the United States district Court for granting the plaintiff's both,

immediate, federal emergency injunctive, protective relief and fore the legal,

constitutional and federal standing to bring forth, and to proceed with his federal

RICO, domestic terrorism, gross deliberate indifference, human rights action.

## STATEMENT OF THE CASE

This is a federal civil action by an in-custody person. Being brought pursuant to and specifically thereunder the United States (Federal) and State of Georgia's conspiracy statute. 18 USCA § 241; The United States (Federal) and State of Georgia's racketeering influenced and corrupt organization act...(Rico), 18 USCA § 1961, 1962 (1) (A) (B) and (C) OCGA § 16-14-1, 16-14-4 (A) (B) and (C). et.seg.; The United States (Federal) and State of Georgia's domestic-terrorism statute, 18 USCA § 2331 (1) (A), OCGA § 16-14-10 (A); The United States (Federal) and State of Georgia's torture victim's protection act, 28 USCA § 1350 (1) (2) and 28 USCA § 2340 (A) (C), The United States (Federal) and State of Georgia's aiding and abetting / restatement of person(s) acting in concert statutes, 28 USCA § 867; The United States (Federal) and State of Georgia's material support and resource statute, 18 USCA § 2339. The United States (Federal) and State of Georgia's usages of interstate and or (foreign) commerce facilities for the unlawful commission of crimes statute, 18 USCA § 1958. The United States (Federal) and State of Georgia's unlawful engagements in monetary transactions deriving from criminal, illegal, unlawful, and constitutional violations and crimes, 18 USCA § 1957. The United States (Federal) and State of Georgia's fraud by wire statute, 18 USCA § 1343. The United States (Federal) and State of Georgia's

2

identity fraud, identity theft statute, 18 USCA § 1028. The United States (Federal) and State of Georgia's attempted murder, attempted murder by torture criminal statute, OCGA § 16-10-32 (A) (1). The United States (Federal) and State of Georgia's unlawful retaliation against a witness and or victim's statute, 18 USCA § 1513 (A) and (B). The United States (Federal) and State of Georgia's unlawful tampering with evidence criminal statute, OCGA § 16-10-94, 16-10-94 (1). The United States (Federal) and State of Georgia's unlawful influencing of state officers, officials, and state legislative actions criminal statute, OCGA § 16-10-4, OCGA § 16-10-5. The United States (Federal) and State of Georgia's violations of oaths of office statute, OCGA § 15-9-6 and OCGA § 15-6-58, and The United States (Federal) and State of Georgia's Constitutional prohibition against cruel, unusual, inhumane punishment, human civil rights crimes, and gross deliberate indifference statute pursuant to the eighth (8th) amendment to the United States (Federal) Constitution.

(A)

"Official code(s) of Georgia Annotated, Sections O.C.G.A. § 16-4-10; United States Code Annotated Title 18 Section(s) 2331 (5) (A), and 2333 (5) (A), define(s) the Criminal Offenses of ("Domestic-Terrorism") to mean:

("Activities") That involve(s) act(s) which are dangerous to Human Life.   That are violations of the Criminal Laws, Statutes Code(s) and Criminal Provisions of The United States and of The State of Georgia."

"Under official code(s) of Georgia Annotated, Title 16, Georgia Criminal Code(s), and United States Code Annotated, Title 18, Section(s) 2340 (A) (C), defines The Criminal Offenses of ("Torture Conspiracy") to mean:

(Any) Person, Person(s) or Individual(s) who conspire to commit an offense of torture and other cruel, inhumane or degrading treatment or punishment shall be liable."

4

"Official code(s) of Georgia Annotated, Title 16, Georgia Criminal Code(s), and United States Code Annotated, Title 28, Section(s) 1350, defines The Criminal Offenses of and or as defined under the ("Torture Victims Protection(s) Act of 1991. ET.SEQ.") to mean:

("Any") Person(s) or Individual(s) who under actual or apparent authority or under the Color of Law:

1. Subject an individual to torture, shall in a civil action be liable for damages to that individual.

2.

If ("The Claimant") complaining person or individual, as required by law, exhausted all adequate and available remedies, in the place where the conduct giving rise to occurred, a Court Hearing and or Adjudicating such claim(s) shall permit the claimant to proceed.

Please see The Plaintiff's Exhibits (A) and (B):

5

The undisputable Criminal offenses, violent act(s), which are factually described
and set forth herein and which are actual and continuing to date; by Law, and
Legal Authority does in fact demonstrate(s) and does Qualify(s) as activities which
has directly, and which in and are now, continuously involved:

> Act(s) dangerous to Human Life that are a violation
> of the Criminal Law(s) of the United States and of the
> State of Georgia.
> Physical, Mental, Emotional, Psychological torture, Pain
> and Suffering; Attempted Murder, Deliberate
> Indifference and Aggravated Assault, Fraud by Wire,
> Among other criminal violent act(s), etc.

And as having been, and which are clearly set forth, factually stated, and
demonstrated within The Plaintiff's affidavit, and accompanied material evidence,
which unquestionably has and does infact by clearly established law(s) and legal
authorities factually and unquestionably ("supports") theories of recovery, claims,
cause of action(s), and legal entitlements to full federal relief, Court Directed
Ordered Federal, Criminal investigation and damages, as sought, requested and
demanded within this cause and valid action.  And, which this Court has a legally

6

binding obligation to grant in this case against the named defendants and their

active, continuous, unlawful, criminal enterprise(s).  See e.g. <u>Linde vs. Arars Bank,</u>

<u>Plc. 384. F. Supp. 2d. 571. (2005); See also, Bitol vs. Palestinian interinself-</u>

<u>Government Authority, 310, f. Supp. 2d. 172. (D.D.C. 2004),</u> ("Citing that the acts

and, or, Statutes of Authority which Govern Domestic-Terrorism; Does not

specifically warrant(s) nor require(s) that a Plaintiff suffer(s) physical harm prior to

filing a civil action"); and furthermore, The legalized clear definitions and, or the

Legalized Term(s) involving and describing ("Personal Injuries") as having been

and, which are factually alleged, demonstrated and complained of by "<u>The</u>

<u>Plaintiff</u>" means:

> ("Any") and all willful, knowing and intentional invasion
>
> of (The Plaintiff's) personal rights. <u>And which</u>
>
> <u>include(s):</u> psychological, mental, emotional, torture,
>
> abuse, pain and suffering", <u>Therefore:</u> ("This Plaintiff's)
>
> complained of and existing ("Personal Injuries") "<u>are not</u>
>
> <u>the result(s) of an act of war",</u> and, as declared and
>
> established by law, and legal authorities does fall within
>
> the legal terms, definitions, and criminal statutes of
>
> domestic-terrorism activities through ("Patterns of

Racketeering Activities"), See <u>Boim vs. Quranic Literary</u>
<u>Inst., 291. f. 3d. 1000. 1010. (7th Cir. 2002); Curry vs.</u>
<u>Giant Food Co. of the District of Columbia; 522. A. 2d.</u>
<u>1283. 1294. (D.C. 1987)</u>.

The statutes(s), codes and legal authorities also factually

describes any unlawful acts involving:

Mental anguish, emotional pain and suffering, physical

pain and suffering, loss of companionship, comfort,

consortium, fraud by wire, assault and battery, attempted

murder, aggravated assault, attempted murder by torture,

and/or psychological abuse, as criminalized harmful

activities under the Domestic-Terrorism and

Racketeering influenced and corrupt organization(s) act,

<u>et.Seq.; See e.g. Brooks vs. Bienkowski, 150. M.D. App.</u>

<u>87. 818. A. 2d. 1198. 1200. (2003); Larson vs. Smith,</u>

<u>194. Ga. App. 698. 391. S.E.2d. 217. (1996); Chancey vs.</u>

<u>State, 256. Ga. 415. 349. S.E. 2d. 717. (1986), Cert.</u>

<u>Denied 481. U.S. 1029. 107. S.Ct. 1954. 95. L. ED. 2d.</u>

<u>527. (1987).</u>

The herein stated above and factual described ("Personal Injuries") are legally cognizable under the plain language(s), criminal provisions, statues, codes, and as well as a common sense interpretation under the United States and State of Georgia's Domestic-Terrorism and Racketeering influenced and corrupt organization(s) acts.  As such, the Plaintiff has demonstrated, made and unquestionably set forth a Prima Facie case, and valid cause of action which entitles Plaintiff to the relief requested, demanded, and prayed for, and damages, in this case, cause and action against the Defendant's and ("Their") Criminal Enterprise(s).

As established by both Federal and Georgia legal authorities, which govern(s) and does legally interprets the clause ("By reason of") and "Through Patterns of Racketeering activities" to require that ("The Plaintiff's") factually demonstrates to the Court a showing of Proximate Cause.  See Boim vs. Quranic Literary Inst., 291. f. 3d. 1000. 1011. 1012.  (7th Cir. 2002); Dover vs. State, 192. Ga. App. 429. 385. S.E. 2d. 417. (1989); See also: e.g. Cobb County vs. Jones Group, 218. Ga. App. 148. 460. S.E. 2d. 516. (1995).


The Seventh (7th) Circuit United States Court of Appeals Held:

> "Foreseeability is the cornerstone of Proximate Cause,
> and in Tort Law, and within accordance of Legal

9

Authorities, ("The named defendants and their Criminal Enterprises") by clearly established laws, and specifically by their own personal, individual, and ("official") criminal conduct an direct, illegal, unlawful actions are liable not only to the Plaintiff's, but as the record(s) and undisputable facts of this case, cause and action demonstrates ("unquestionably") that The Plaintiff's personal injuries were foreseeable, and ("were infact reasonably anticipated").  As a natural, continuous consequence of the Defendant's willful, Knowing, intentionally, criminally planned actions and continuity of unlawful, illegal conduct against The Plaintiff.  See: e.g. District of Columbia vs. Freeman, 477. A. 2d. 713. 716. (D.C. 1984)"

D.

"Official Code(s) of Georgia Annotated, <u>Section O.C.G.A Title 16</u> of the
Georgia Criminal codes, and United States Code(s) annotated, <u>Title 18. Section
2339 (A),</u> defines The Criminal, (Predicate) offenses of ("unlawfully, willfully and
knowingly <u>Providing material support and/or resources to Domestic-Terrorism and
Racketeering activities, as these terms are used")</u> means that:

> "Whoever provides material support or resources
> knowing or intending that such support and/or resources
> were and/or are to be used in preparations for or in
> carrying out various Federal and State criminal offenses,
> or whom attempts to or conspires to carry out various
> Federal or State criminal acts, and Predicate Offenses
> shall be guilty of a crime".

The official code(s) of Georgia, Section O.C.G.A. Title 16 of the Georgia
Criminal Code(s), and United States code Annotated, Title 18, Section 2339 (A),
defines ("<u>Material Support or Resource(s)</u>") to mean as:

11

(Any) property, tangible or intangible, or service,

("including") currency, or monetary instrument(s) or

financial services, lodging, training, (expert advice or

assistance), safe house(s), interstate governmental

facilities, false documentation, false identification,

communications equipment, weapons, lethal substances,

explosives, (state personnel, officers, officials) and

transportation, ("except medicine or religious materials")

E.

The official code(s) of Georgia, Section O.C.G.A. Title 16 of the Georgia Criminal Code(s), and United States code Annotated, Title 18, Section 1343 defines the crimes, criminal and Predicate Offense(s) of ("Fraud by Wire") to mean:

> "Having devised or intended to devise any scheme(s) or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretense(s), false representation, or promises, ("transmitted or cause(s) to be transmitted") by means of ("wire, radio, or television, or communications equipment, or in the interstate or foreign commerce of the United States and/or the State of Georgia, (any) writings, sign(s), signal(s), picture(s) or sound(s) for the purpose(s) of executing, engaging in, authorizing, overseeing, directing, counseling, carrying out, and protecting such illegal, unlawful criminal and conspiratorially planned scheme(s) and/or artifice").

13

("In 1994, The United States Congress passed legislation which explicitly criminalizes the Provisions of ("Material support involving unlawful act(s), crimes, and/or Predicate Offense(s) of Domestic-Terrorism Activities"), as established under United States Code Annotated, Title 18, Section 2339 (A) (C). et. Seq.:

"United States Code Annotated, Title 18, Section 2339 (A) (a) declares that:

> "(Whoever) within the United States provides material
> support, or resources, or conceal(s), or ("disguises the
> nature, source, or ownership of material support, or
> resources"), knowing or intending that they are to be
> ("used") in preparations for, or in carrying out any
> violations of United States Code Annotated, Title 18,
> Section 2333 (A) (5); United States Code Annotated,
> Title 18, Section 2340; United States Code Annotated,
> Title 28, Section 1350, and/or Official Code of Georgia
> Annotated, Section (O.C.G.A. 16-4-10 (A) et. Seq.), shall
> be fined under this title and imprisoned, not more than
> ten (10) years, or both."

The Statute(s) and Criminal Provision(s) as established and set forth under United States Code Annotated, Title 18, Section 2339 (A) (A), ("Material support or Resource(s) Statute") which is a defined term under this section of language, and which the enacted criminalized term ("Material Support or Resource(s)") means:

> "Currency or other financial securities, financial services, lodging, training, safe houses, false documentation, false identification, ("Communication Equipment"), facilities, weapons, lethal substances, explosives, staff, personnel, transportation, and other ("physical assets"), except medicine or religious material".

United States Code Annotated, Title 18, Section 2339 (A) (A), ("Prohibits")  the Provision of Material support for an extensive list of serious, ("violent crimes") associated with international and/or ("Domestic-Terrorism Activities").  The aforementioned ("Extensive Specified list of serious violent crimes") includes crimes of:

"Conspiracy to murder, attempted murder, conspiracy to assassinate, attempted assassination, conspiracy to torture, torture, kidnapping, extortion, and other serious violent crimes")

This ("demonstrates") the types of criminal conduct and ("serious violent crimes") the United States Congress and State of Georgia General Assembly had in mind when they both enacted, adopted, and defined ("Their criminal provisions of international and domestic-terrorism statutes.") As set forth under both, United States Code Annotated, Title 18, Section 2333 (A), and Official Codes of Georgia Annotated, Section (O.C.G.A. 16-4-10 (A) et. Seq."). As not just the serious, violent act(s) themselves, but which includes ("Criminal, unlawful activities that directly involves violent act(s) dangerous to the Human life of this named Plaintiff, Ricky Lamar Hogan"). See: e.g. Bain vs. Quranic Literacy Inst. And Holy Land Foundation for Relief and Development, 291. F. 3d. 1000 (7th Cir. 2002).

As having been long established by law; and as factually determined from the now, current, existing, ("Language(s)") and Legislative history of The Racketeering Influenced and Corrupt Organizations Act and Domestic-Terrorism Act(s) as set forth under 18 United States Code Annotated 1961. et. Seq.; O.C.G.A. 16-4-10 (A) et. Seq.

The United States Congress and State of Georgia general Assembly (State Legislatures) in creating, and enacting the Racketeering and Domestic-Terrorism Act.

> "Did ("Not") mean to attach unlimited liability to even remote act(s). ("They"), the United States Congress and State General Assembly of Georgia clearly ("meant") something else. And, that ("something else") is: The traditional Tort, and Criminal Liability, aiding and abetting, which are subsumed within the legal definitions of both. Racketeering and Domestic-Terrorism Act(s), which directly involves certain criminal, illegal violation(s), which are well known, established and well defined." See e.g. Damato vs. Hermanson, 153 f. 3d. 464. 472. N. 10 (7th Cir. 1998). ("citing that the criminal context, the aider and abettor(s) knowingly assisted the principles in the attainments of the illegal objective(s) and therefore are sanctioned as the principals.") See: United States vs. Zafiro, 945. f. 20. 881. 887. (7th Cir. 1991); Affid, 506. 113. S. CT. 933. 122. L. Ed.

2d. 317. (1993). ("citing that the crimes Predicate

Offenses of Aiding and Abetting") Require(s):

1. Their knowledge of the criminal, illegal, and unlawful

activity that is being aided and abetted, and

2. Their willingness, and desire to help, aid the

complained of criminal, illegal and unlawful activities(s)

succeed, and some act(s) of helping and/or aiding, See:

Halberstam vs. Welch, 705 f. 2d. 472. 477. 784. (D.C.

Cir 1983).


(The Plaintiff) has by law "established an Prima Facie Case, valid cause of

actions, and, valid Theories of Recovery involving Secondary Liability and,

Aiding-Abetting."

The established legalized standards and scopes of and for ("civil liability"),

which relates to claims of ("Aiding and Abetting") are more specifically set forth

within the case and Legal Authority: Halberstam vs. Welch, 705. f. 2d. 472. (1983)

Also see: Presbyterian Church of Sudan vs. Talisman Energy, Inc., 244. F. Supp.

2d. 289. 311. (S.D. N.Y. 2003):

For the purpose(s) of this ("Now") case, cause and valid
civil action, properly before this Court.

It must be observed of and by this Court that this named
Plaintiff's adopts and very strongly ("Relies" upon the
three (3), hereinafter legal, criminalized provision(s) set
forth and, as having been long established, pursuant to
United States Code Annotated, Title 28, Section 876, Et.
Seq. which is defined as ("The restatement Act") to wit.

A. for this named Plaintiff's conspiracy claims;

B. for the named Plaintiff's aiding-abetting claims;

C. for this named Plaintiff's providing material support,
assistance and resource(s) claims, etc.

As a matter of Law and established Legal Authorities, it's important that this
court understand and Judicially agree with the Plaintiff's, Legal and Factual
Positions that under the forementioned, established ("Restatement Act").

"The Legal Statutes or even its case authority, does not, mandate, require, nor
make(s) it legally necessary that ("The Plaintiff's") factually show, nor
demonstrates that the:

"Properly named defendant's, their agents, actors,

servants, co-conspirators, and other organized criminal

elements; (either planned or intended); or even knew

about the other unlawful particular act(s), crimes, illegal

activities, and Patterns of Racketeering activity,

continuous threats thereof, for purposes of terrorizing,

torturing, injuring and attempting to assassinate, and to

murder the Plaintiff in continuous criminal attempts to

accomplish their corrupt, unlawful, illegal, Criminal

Enterprise(s) objectives." <u>I.d. At title 28, U.S.C.A.</u>

<u>Section. 876.; See also: Presbyterian Church of Sudan vs.</u>

<u>Talisman Energy, Inc. 244. F. Supp. 20. 289. 311.</u>

<u>(S.D.N.Y. 2003).</u>


The primary, critical, <u>factual key issue(s)</u> which are being raised and strongly

("<u>relied</u>") upon by the Plaintiff, and <u>most importantly,</u> are infact those which this

Court must address and Judicially decide are:


"What kinds of criminal activities, which directly

involves and specifically relates to ("<u>each</u>") of the

Defendant's, and whom were, have been at all times, and,

whom are infact, continuously, acting (not only), under

color of State Governmental Municipality, State

Government Entity, State Government Assembly, State

Government House of Representation, State

Governmental House of Legislation, State Governmental

Function(s), State Governmental Officials, State

Senator(s), Governor, Lt. Governor, Secretary of State,

State Attorney General, Assistant State Attorney

Generals, State Contracted Medical Service Provider(s),

State Prison(s), State Warden(s), State Deputy

Warden(s), State Prison Medical Director(s), State Prison

Regional Director(s), State Prison Medical

Administrators, and State Pardon(s) and Parole(s), ("the

board"), State Department of Prison Corrections, State

Commissioner(s) of ("Prisons") Corrections, et.al., But,

Whom has, were and are infact, now at all times acting

under their legal, actual, and/or Apparent Authority as a:

Private Doctor(s), Private Medical Corporation(s),

Private Medical Institution, Private Company, Private

Electronic Manufacturer(s), Private Firms, Private

Person(s), Individuals, et.al.. And Associated; will and

shall legally establish ("Vicarious Liabilities") for the

violent, serious, torturous, unlawful act(s), crimes,

Predicate Offense(s) and full illegal conduct,

continuously committed, ordered, executed, authorized,

carried out and which are being continuously directed

against the Plaintiff ("by the principal, original wrong

doers"), and other Primary Key conspirator(s), and to

what extent they will and infact, shall be liable for their

torturous, violent, and serious crime(s) directly,

personally and continuously against this named Plaintiff,

Ricky Lamar Hogan."


("The aforementioned, named Defendant's original-Primary-Tortfeasors")

whom where at all times, were, and whom are infact through Patterns of

Racketeering activities, and, which are the direct part, plan and continuous illegal,

criminal, purpose and (threats thereof), willfully, knowingly and ("foreseeably")

engaged in the complained of and underlying criminal tortious activities, by and

directly through Patterns of Racketeering activities, and continuous threats of the

22

same", However, "In order to carefully and clearly illuminate these critical issue(s), the Plaintiff deems it necessary to factually clarify the basic elements of vicarious liability in Tort and to guide the Court as to the established case law(s) and/or legal authority in order to ("demonstrate") and factually set forth this Plaintiff's unquestionable position as to what evidence is, and shall be sufficient to establish liability. ("Various theories of civil liability") are untidily grouped around, and under the General Heading of Concerted Tortious action(s), i.e., See (W. Prosser Law of Torts 46 At. 291 (4th ED. 1971). See Generally note, Civil Conspiracy, a Substantial Substantive Tort, 59. B. U. I. Lev. 921. 922. 927. 1979, Explaining the History of Civil Conspiracy Actions, et. Seq."):

The Plaintiff in order to Properly Guide this court's deliberations, and its factual Judicial Determination(s) of Entitlements to the relief sought, and, which the named Plaintiff is entitled to in this Federal Case and Action.

This named Plaintiff will and shall infact address and factually demonstrate what the Law identifies and, what are commonly known as the ("initial outline and framework of this now, confronted, legally confusing area of Tort Law(s).") And, By so doing:

The Plaintiff shall factually address and focus on the ("Main two (2) critical Legal Theories for Civil Liability"); and which this Court must as supported by law, find such demonstrated critical Theories of Liability to be Legally and

Procedurally Applicable here in this Plaintiff's case, cause, and valid Federal

action against the Defendants, To Wit:

　　　*("Criminal, Civil Conspiracies(s), and Aiding and Abetting")*

　　　"The Standardize Legal Framework:


　　　　　　"W. Prosser notes that The original meaning of ("Joint-

　　　　　　Tort) were that of vicarious Liability for concerted

　　　　　　action(s), I.E., All Person(s) who (acted) in concert to

　　　　　　commit trespass in Pursuance of a ("Common Design")

　　　　　　were held liable for the entire result; See: e.g. W. Prosser,

　　　　　　Law of Tort(s) 46. AT. 291. (4th ED. 1971).


　　W. Prosser's illustration portrays a Standard situation that involves ("Joint-

Tort"), combined action(s) by ("Tortfeasor(s)") on the scene together, within such

portrayed illustration the following situation Were Outlined and/or Given:


　　　　　　("One might have battered the victim, while another

　　　　　　imprisoned the victim, and a third person stole the

　　　　　　alleged victim silver buttons"), I.d. Footnote omitted. As

illustrated by W. Prosser, each of the Tortfeasors were,

and are infact, ("Responsible for the other action(s)").


Throughout the years, both Federal and State Courts have examined, and applied

("The Principals of Vicarious Liability for Concerted Action(s) to less obvious

situation(s)"), Covering Tortfeasor(s) whose relationships or association(s) were

more subtle that ("W. Prosser's Highwaymen").  The two (2) variations which

applies here, and, which are now legally significant before this Court ("Are"):


"1. The now, Complained of conspiracy, or/and their

Concerted Action(s) by agreement(s), and

2. The Now, Complained of Aiding-Abetting, or/and

their Concerted Action(s) by Substantial Assistance".


These aforementioned above two (2) factually given base(s) of Liability

correspond generally with the first two (2) sub-sections set forth within ("The

Restatement Second of Torts 876. (1979) ") Hereinafter cited and referred to as

("Restatement on Person(s) acting in concert"), I.E. for harm or injuries resulting

to a third person from the Tortious Conduct of Another. I.E..

25

"One is subject of liability if he, she or they:

A.) Does a Tortious Act or Act(s) in concert with the

other(s) or pursuant to a common design with them;

("Conspiracy").

The Restatement Statute explains in comment on clause (A.) above that the

("Term Conspiracy") is often used to defer to a common design or plan for

cooperation in a Tortious line of conduct, or to accomplish a Tortious end, id. at.

Restatement 876. comment (B):

B.) Knows that the others conduct constitutes a Breach of

Duty, and give(s) Substantial Assistance, Aid, and

Encouragement to the others, so to conduct

themselves, ("Aiding-Abetting"), And, or

C.) Giving Substantial Assistance to the others in accomplish a

Tortious result and their own conduct, Separately considered,

constitutes that of a clear Breach of Duty to third party, emphasis

added.  See e.g. Phard vs. Smith, 621. F. 2d. 656. 669. (5th Cir

1980); Payton vs. Abbott Lab(s), 512. F. Supp. 1031. 1035.

(1981)."

As demonstrated above, The given Legal concerts, ("Conspiracy and Aiding-

Abetting ") can be clearly and factually distinguished enough.  A list of the

Legalized Separate Element(s) of a Civil Conspiracy included:

"1. An agreement between two (2) or more persons or

individuals;

2.  To participate in unlawful act(s) or a (lawful act) in an

unlawful manner;

3.  An injury or injuries caused by an unlawful (overt-

act(s)) performed by one (1), or even several of the

parties to the Criminal Agreement; And

4. The Overt Act(s) were, are done pursuant to, and in

furtherance of the common illegal, unlawful and criminal

scheme(s); See e.g. Ryan vs. Eli-Lilly and Co., 514. F.

Supp. 1004. 1012. (1981)"


"The element(s) of Agreement(s) are not only critically important; But are

declared Key Factors in distinguishing a Civil Conspiracy action, ("Proof of a

Tacit as opposed to Explicit understanding is sufficient to show, and, to legally

establish the agreement") I.D. At. "W. Prosser, Supra At 292. 16. AM. Jur. 2d.

Conspiracy 86. (1979)", However:

"It must be pointed out, that the ("Agreement") in a Civil Conspiracy does not

assume the same importance as it does within a ("Criminal Conspiracy Action"),

and such having been demonstrated an pointed out." The Provisions of a long line

of Legal Authorities (clearly) mandates that:

"In order to legally establish a valid Civil Conspiracy

Liability, the law demand and declares by statutes and

legal authority that this Plaintiff only demonstrate and

unlawful or criminal act, or overt-act(s) produced and
were, are infact the cause of this Plaintiff's injuries and
continuous damages complained of."


Fore it must be unquestionably understood of and by this Court that as
established and set forth explicitly under definitions of law:


"It is only where mean(s) are employed, or purpose(s) are
accomplished, or attempt(s) made through a
("Continuity-Pattern") and, mean(s) to accomplish,
which are of themselves Tortious, That the
(Conspirators) whom has not, nor did not ("Directly act
in"), But has, did, promote, encouraged, ordered the
Tortious act(s), will and shall be held liable."  See e.g.
Halberstam vs. Welch, 705 F. 2d. 472. (1985),


*("Aiding-Abetting") as having been declared and established under the law(s)
and legal authorities, mandates that the Plaintiff, must factually demonstrate the

29

following three (3) critical element(s) and key factor(s) in order to sustain Civil Liability against the named Defendant's and their active, continuous criminal enterprises, et. al. (To Wit):

"1. The Party or Parties whom the named Defendant's ("Aided") must perform a wrongful act that cause(s) and injury to the Plaintiff;

2. The Defendant's must be generally aware of his, her, or their role(s), as part of an overall illegal, unlawful, criminal, or, and (Tortious Activity) at the time that he, she, and/or they provided the assistance; And

3. The named Defendant's ("Must") knowingly and substantially ("Assist") the Original-Primary, Key Principal violations, and/or ("Criminal Wrongdoer"); See e.g. Investors Research Corp. vs. S.E.C., 628. F. 2d. 168. 178. (D.C. Cir) Cert-Denied, 449. U.S. 919. 101. S,CT.

317. 66. L. ED. 2d. 146. (1980); Woodward vs. Metro

Bank of Dallas, 522. F. 2d. 84. 94. 95. (5th Cir. 1975);

Landy vs. Federal Deposit Insurance Corp. 486. f. 2d.

139. 162. 63. (3d Cir. 1973), Cert-Denied, 416. U.S. 960.

94. S. CT. 1979. 40. L.ED. 2d. 312. (227 U.S. App / D.C.

173. (1974).


"Within the comment on clause (B) the Author(s) of The Restatement of

Person(s) acting in concert summarizes several Critical Key Elements and explains

why they create civil Liability:


"Advice or encouragement to act, operates as ("Moral

Support") to the Tortfeasor(s) and if the act(s)

encouraged are known to be tortious, it has the same

("Effect") upon the Liability of the ("Advisor") as

("Participation or Physical Assistance"), I.D. At.

Restatement 876. Comment (B.) et.Seq. In Practice.

Civil Liability fore Aiding-Abetting, often turns on just how much ("<u>Advice, Aid, Encouragement, and/or Assistance</u>") is Substantial enough."

As having been long established The Restatement Clause, factually ("<u>suggests</u>") and demonstrate five (5) Critical Key Factors in order to assist and guide the Court in making it's Judicial Determination(s) and/or factual Legal Conclusion(s):

1. The ("<u>Nature</u>") of the act or act(s) encouraged;

2. The ("<u>Amount of Assistance</u>") given by the Defendant's;

3. His, Her, and/or Their ("<u>Presence and Absence</u>") at the time of the Tort;

4. His, Her and/or Their ("<u>Relations to the other Tortfeasor(s)</u>"); And

5. His, Her and/or Their ("<u>State of mind</u>").

The Prime Distinction(s) between Civil Conspiracies(s) and ("Aiding-Abetting")
are that:

>"A Conspiracy involves an agreement to Participate in
>wrongful, unlawful act(s); While (Aiding-Abetting")
>focuses on whether the Defendant's knowingly gave
>("Substantial Assistance") to someone who were, and,
>whom are engaged in, and whom are ("Performing")
>wrongful, criminal, illegal, and unlawful act(s); and
>("Not on whether the Parties agreed to join in on the
>("Now") Complained of and ("Continuous") illegal,
>criminal, unlawful, and ("Wrongful conduct")!

Lastly, It's important that this named Plaintiff address, point out and have this
Honorable Court focus on ("the Aiding-Abetting-Theory of Civil Liability"); and
Specifically on what legally constitute the (same by law);

"The Critical Legal Elements of Knowing, Substantial-

assistance, or Encouragement, and to The Extent to

which an ("Aiding-Abettor") are Liable for injuries

caused and/or having been created by the Principal

("Tortfeasor(s)")!

Calling this Court's needed, Judicial Attention to the ("Already factually

demonstrated") legal distinction(s) between, ("Aiding-Abetting"), and Civil

Conspiracy, and By so doing, this Honorable Court (must) not only Judicially find,

and agree with this Plaintiff's factually presented positions, But, Conclude that the

Plaintiff's sworn material evidence, sworn statements of indisputable material

fact(s).  Presented in this case, cause, and action, and which are Properly before

this Court unquestionably Represents:

("Pure-Aiding-Abetting") against all the named

Defendants, their agents, organized criminal elements

and continuous criminal enterprises.

("An example of a Purer Strain") is factually demonstrated and given in the case

of: <u>Rael vs. Cadena, 93. N. M. 684. 604. P. 2d. 822. (1979):</u>


"Which involved:

A Person who had given ("Verbal Encouragement") i.e.

("Kill him, and Hit him more") to an attacker, an

assailant, and where the Defendant's had not Physically

("<u>Assisted</u>") in the Battery.  ("<u>The Rael Court</u>") <u>went on</u>

<u>to explain that:</u> "Civil Liability does not require a finding

of action in ("Concert"), nor even that the injury had

directly resulted from the "encouragement"; <u>instead,</u> the

Court found; <u>Citing (Restatement, 876 (B). et. Seq.):</u> The

fact of <u>("Encouragement was enough to create joint</u>

<u>liability for the Battery-Attack").</u>  Mere presence at the

scene of the Battery, The Court noted, would not be,

("<u>sufficient for liability</u>"); Further more: "Use of

suggestive word(s) ("<u>Can</u>") be enough to <u>Legally sustain</u>

<u>Joint</u>, Civil Liability when they: <u>Plant the seed(s) of</u>

<u>action(s)</u> and are spoken by a person or person(s) in an

<u>Apparent Position of Authority!</u>"


In the case of <u>Cobb vs. Indian Springs, Inc., 258. ARK. 9. 522. S.W. 20. 383.</u>

<u>(1975):</u>


"A Security Guard allegedly ("<u>urged</u>") a younger

motorist with a new car to ("<u>run the car back up here to</u>

<u>see what it will do</u>"). The driver ("<u>then struck the</u>

<u>Plaintiff while trying to avoid a Pedestrian during His</u>

<u>High Speed Test Drive</u>"). <u>The Cobb Court held, relying</u>

<u>on Restatement 876 (B).</u> "that a jury could have found

("<u>The Guard's</u>") encouragement substantial, because He,

(<u>The Guard</u>) had first proposed the "<u>Trial Test Drive</u>",

and because His Position of Authority gave His, ("The

Guard's") <u>Suggestion extra weight.</u>"

"<u>The Cobb Court further found and concluded:</u> that the

("Guard") could have ("Foreseen") and ("<u>Appreciable</u>

36

Risk of harm to others at the time of encouragement").

I.d <u>At Cobb vs. Indian Springs, Inc. Supra</u>.

"<u>Vicarious Liability</u> can also, of course, be based and
("<u>Sustained</u>") upon: ("<u>Act(s) of Assistance, and as well
as, upon word(s) if encouragement</u>"), and the
contributing activity itself need ("<u>not</u>") be so obviously
("<u>nefarious</u>") as: ("<u>Verbally cheering a beating, or
prodding someone to drive recklessly</u>").  Further;

In the case of <u>Keel vs. Hainline, 331. D. 2d. 397. (Okl. 1958)</u>: which involved:

"Students throwing ("<u>erasers</u>") at one another in a
classroom.  One eraser struck another non-participating
student during the horse play.  Her ("<u>eye-glasses</u>")
shattered and she lost the use of an eye."

<u>The Court in Keel, found that</u>:

A student who had only ("<u>Aided the throwers</u>") by
("<u>Retrieving and handing the erasers back to the actual</u>

37

throwing students") was still liable for the girl's injuries to her eye, because He has substantially encouraged the wrongful ("Eraser throwing activity") that resulted in the girl's injuries to her eye." And, it did ("not") matter that the Defendant Student may ("not") even had given any particular aid to the (Student-boys, who were throwing, and who had thrown the eraser(s) that hit and injured the girl Plaintiff. I.d. At Keel vs. Hainline, Supra; and finally, in the case of Russell vs. Marboro Book(s) - 18. Misc. 2d. 166. 183. N.Y.S. 2d. 8. (N.Y. Sup. CT. 1959):

"The Court Held that: A book company could be ("Liable") as a ("Contributing Tortfeasor") because it, ("The Book Company"), had sold a model's picture(s) to a company with knowledge the company would, ("as it did"), alter and use the picture(s) to defame the model.

The Russell Court, relying upon Restatement's 876. (B)., Holding that, Jus' as the Acquisition of the ("Model's Photograph(s)") were an ("Indispensable Prerequisite to the Libel"), the sale of the model's photograph(s) alone,

with ("the seller(s) knowledge that the buyer(s)")

intentions were to alter and to publish the Plaintiff's

model photograph(s), by law constituted ("Substantial –

Assistance for Joint-Tort-Civil Liability"); but, also see.

e.g. United States vs. Mayes, 512. f. 2d. 637. 642. (1975);

West vs. Atkins. 487. U.S. 42. 108. S. Ct. 2250. (1988);

Lee vs. Town of Estes Park, CO. 820. F. 20. 1112. (10th

Cir. 1987); Harlow vs. Fitzgerald. 457. U.S.800. 818.

819. 102. S. Ct. 2727. 2738. 2739. 73. L. Ed. 396.

(1982); See also: Pool vs. Mo. Dept. of Correction and

Human Resources, 883. f. 2d. 640. (8th Cir. 1989).

Monell vs. Dept. of Social Services, 436. U.S. 658. 691.

98. S. Ct. 2018. 2036. 56. L. Ed. 2d. 611. (1978);

McDowell vs. Jones, Cited as, 990. f. 2d. 433. (8th Cir.

1993);

Ragosta vs. State of Vermont, 556. f. Supp. 220. 227. (D.

VT. 1981); Dahlberg vs. Becker, 748. f. 2d. 85. 89. (2d.

Cir. 1984), Cert. Denied, 470. U.S. 1084. 105. S. Ct.

1845. 85. L. Ed. 2d. 144. (1985):

# *CONCLUSION*

Wherefore based upon the law, and material facts and exhibits submitted to this Honorable United States District Court; The Plaintiff prays that his request for injunctive relief be granted and this case, cause and federal action be set down for full hearing and trial by jury.

This __1st__ Day of _____April_____, 20~~18~~,

Respectfully Submitted,

S/ _____

Ricky Lamar Hogan #65335
Plaintiff, <u>Pro Se.</u>

Washington State Prison
Post Office Box 206
Davisboro, GA 31018